OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, involve certain plastic baby pants, exported from Haiti and entered at the port of New York.

Stipulated facts, upon which the appeals have been submitted, establish that the proper basis for appraisement of the articles in question is constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), and that such statutory value therefor is 0.3964 per dozen, and I so hold.

Judgment will be rendered accordingly.

(Reap. Dec. 10717)

JACKY PRODUCTS CORP. *v.* UNITED STATES

Entry No. 936867.

(Decided April 15, 1964)

*Brooks & Brooks* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement involves certain plastic baby pants, exported from Haiti and entered at the port of New York.

Stipulated facts, upon which the case has been submitted, establish that the proper basis for appraisement of the articles in question is constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), and that such statutory value therefor is 0.3964 per dozen, and I so hold.

Judgment will be rendered accordingly.

(Reap. Dec. 10718)

JACKY PRODUCTS CORP. *v.* UNITED STATES

Entry No. 976381.

(Decided April 15, 1964)

*Brooks & Brooks* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement involves certain plastic baby pants, exported from Haiti and entered at the port of New York.

Stipulated facts, upon which the case has been submitted, establish that the proper basis for appraisement of the articles in question is constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), and that such statutory value therefor is 0.3964 per dozen, and I so hold.

Judgment will be rendered accordingly.

(Reap. Dec. 10719)

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

Entry No. 878, etc.

(Decided April 15, 1964)

*Stein & Shostak* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation entered into between counsel for the parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise and issues in the appeals for reappraisement enumerated in the Schedule of Cases attached hereto and made a part hereof are the same in all material respects as the merchandise and issues in *New York Merchandise Co., Inc.* v. *United States*, Reap. Dec. 10538, decided June 13, 1963, Treasury Decisions Advance Sheets Vol. 98, No. 25, page 46.

IT IS FURTHER STIPULATED AND AGREED as to the merchandise manufactured by Bando Rubber Co., Isshin Rubber (Gomu) Co., and Hodogoya Gomu Kogyo, covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein, that, on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values ex-factory, net packed.